**WO**                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Patrick Smiley, | No. CV 11-1153-PHX-GMS (MHB) |
| Petitioner, | **ORDER** |
| vs. | |
| Dennis Smith, | |
| Respondent. | |

Petitioner Steven Patrick Smiley, who is confined in the FCI Phoenix has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 with an application to proceed *in forma pauperis*. (Doc. 1, 2.) The Court will order an answer.

**I.  Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**II.  Background**

Petitioner is a federal prisoner. In the United States District Court for the District of Utah, Petitioner was convicted pursuant to a plea agreement of one count of conspiracy to commit bank fraud, case# CR08-00264-TS at doc. 128, and sentenced to 48 months in prison. The judgment also provided for payment of restitution of $126,736.87.

In the United States District Court for the Southern District of Illinois (Benton), case# CR10-40016-JPG at doc. 35, Petitioner was convicted of mail fraud, aggravated identity

theft, and access device fraud and sentenced to 57 months in prison to run consecutively to his Utah sentence. That judgment also provided for payment of restitution of $24,159.82 in installments of $100.00 or 10% of his net monthly income, whichever is greater, over a period of 36 months to commence 30 days after release from imprisonment to a term of supervision.

### III.   Petitioner's Claim for Relief

Petitioner alleges one ground for relief. He contends that the Federal Bureau of Prisons (BOP) is wrongfully collecting restitution payments from him pursuant to the Inmate Financial Responsibility Program (IFRP) where the sentencing court failed to make a schedule for the payment of restitution during incarceration as required under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §§ 3663-64. The MVRA provides that a court "shall order" a defendant to make restitution to the victim of specified offenses in addition to or in lieu of any other penalty authorized by law. 18 U.S.C. §3663A (a)(1) & (c). Further, "[u]pon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid[.]" 18 U.S.C. § 3664(f)(2). That responsibility cannot be delegated to the BOP or probation office. See United States v. Gunning, 401 F.3d 1145, 1150 (9th Cir. 2005).

Petitioner seeks relief for the allegedly wrongful collection of restitution pursuant to his Utah conviction absent a schedule to do so from the sentencing court as required by the MVRA. Relief may be sought under § 2241 for such claims. See United States v. Lemoine, 546 F.3d 1042, 1046 (9th Cir. 2008). An answer will be required.

### IV.   Warnings

#### A.   Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this

- 2 -

1 action.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 2.)

(2) The Clerk of Court must serve a copy of the Summons, Petition, and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court also must send by certified mail a copy of the Summons, Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2)(A).

(3) Respondent answer the Petition within 20 days of the date of service. Respondent may not file a dispositive motion in place of an answer, but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S.Ct. 1675 (2006).

1   (4) Petitioner may file a reply within 30 days from the date of service of the
2 answer.
3   (5) This action is referred to Magistrate Judge Michelle H. Burns pursuant to Rules
4 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
5 recommendation.
6   DATED this 24th day of June, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge