IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Patrick Smiley,<br><br>    Petitioner,<br><br>vs.<br><br>Dennis Smith,<br><br>    Respondent. | No. CV 11-1153-PHX-GMS (SPL)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Petitioner Steven Patrick Smiley has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Doc. 1. On November 12, 2009, Petitioner was sentenced in the United States District Court for the District of Utah to 48 months in prison, followed by 60 months of supervised release, for conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349. Doc. 9, Exh 2. The district court further ordered Petitioner to pay $126,736.87 in restitution to the victims. Id. In addition, on September 30, 2010, Petitioner was sentenced in the Southern District of Illinois to a consecutive term of 57 months in prison, followed by 36 months of supervised release, for mail fraud in violation of 18 U.S.C. § 1341, aggravated identity theft in violation of 18 U.S.C. § 1928(a)(1), and fraud and related activity in connection with access devices in violation of 18 U.S.C. § 1029(a)(2). He was also ordered to pay $24,159.82 in restitution.

Petitioner, who is incarcerated at the Federal Correctional Institution in Phoenix, filed the instant petition on June 8, 2011, and raises one ground for relief. Doc. 1 at 4. He contends that the two sentencing courts improperly delegated to the Bureau of Prisons ("BOP") their duty to order a schedule of restitution payments. Petitioner asserts that the BOP is collecting restitution payments from him through the Inmate Financial Responsibility Program ("IFRP") by automatically deducting from his prison trust account money earned from working at the prison. Petitioner contends that the BOP does not have the authority to set his restitution payments and collect them from him absent a schedule of payments from the district courts that imposed his sentences. On July 22, 2011, Respondent, through the United States Attorney for the District of Arizona, filed an Answer. Doc. 9. Petitioner then filed a Reply on August 23, 2011. Doc. 10. The Magistrate Judge referral on this case was reassigned to this Court on February 2, 2012. Doc. 11.

## DISCUSSION

Respondent first contends in his answer that the petition should be dismissed because Petitioner failed to exhaust his BOP administrative remedies. Regarding the merits, Respondent argues that the BOP is lawfully collecting restitution payments from Petitioner under the IFRP and that the sentencing courts did not unlawfully delegate their duty to order a restitution schedule. Respondent also argues that the District Court is without authority to reduce Petitioner's IFRP payments[1] and that the Court should not find him exempt from the IFRP.

**A.    Exhaustion of Administrative Remedies**

As a prudential matter, before pursuing habeas relief under 28 U.S.C. § 2241, a petitioner must exhaust all available judicial and administrative remedies. Ward v. Chavez, ___F.3d___, 2012 WL 1592171, *2 (9th Cir. 2012). A federal prisoner must first exhaust

---

[1] In his reply, Petitioner abandons his request for reduced IFRP payments after acknowledging that only the sentencing court can set a payment schedule. Doc. 10 at 3. Petitioner's request for relief, therefore, is limited to an order requiring the BOP to stop deducting restitution payments from his account.

- 2 -

1 his administrative remedies through the Bureau of Prisons. Fraley v. U.S. Bureau of Prisons,
2 1 F.3d 924, 925 (9th Cir. 1993). Because exhaustion in § 2241 cases is not a jurisdictional
3 prerequisite, it can be waived "'if pursuing those [administrative] remedies would be futile.'"
4 Ward at *2 (quoting Fraley at 925). Where an official BOP policy forecloses administrative
5 relief, exhaustion of administrative remedies would be futile. Ward at *3; see also Fraley at
6 925 (exhaustion was futile where BOP policy would almost certainly have resulted in the
7 denial of further administrative appeals).

8      In Fraley, the petitioner completed one step of the administrative review process.
9 Fraley at 925. Her request for relief was denied based on an official BOP policy. Id. The
10 petitioner was told how to appeal but she did not seek further administrative review. Id.
11 Likewise in Ward, the petitioner exhausted only one step of the BOP administrative review
12 process. Ward at *3. In both cases, however, the Ninth Circuit found that the existence of
13 an official BOP policy rendered further administrative appeals futile. Id.; Fraley at 925.

14      Here, Respondent concedes that Petitioner attempted an informal resolution, followed
15 up with a Request for Administrative Remedy, and then appealed to the Regional Director.
16 Doc. 9 at 4 (citing Exh. 5). BOP officials denied Petitioner's request at each level of review
17 and, in the two written decisions supplied by Respondent,[2] informed him that restitution
18 payments could be collected from him pursuant to an official BOP policy, the IFRP. Id.
19 Respondent further acknowledges that Petitioner subsequently appealed to the National
20 Inmate Appeals Administrator but the appeal was rejected for exceeding the page limit. Doc.
21 9 at 4. Rather than re-file the appeal at that time as instructed by the Administrator,
22 Petitioner filed his habeas petition. Id. Petitioner later re-filed his administrative appeal but
23 he had not received a decision as of the date he filed his reply in support of his habeas
24 petition. Doc. 10 at 1. Based on Petitioner's failure to re-file the appeal and wait for a
25 response before filing his habeas petition, Respondent argues that Petitioner failed to

---

[2] The first decision was an informal resolution of which Respondent did not provide a copy.

1 properly exhaust his administrative remedies and that the petition should be dismissed on that
2 basis.

3 Applying Ward and Fraley, the Court finds that although Petitioner failed to fully
4 exhaust the administrative procedures before filing his habeas petition, doing so would have
5 been futile. The facts here are more extreme than in Ward and Fraley, in that Petitioner
6 received three adverse decisions instead of just one. The two written decisions provided by
7 Respondent both relied on the IFRP policy as the basis for the denials. There was no reason
8 to believe that submitting one more appeal might produce a different result given the reliance
9 on the IFRP policy. The Court therefore finds that a timely final appeal would have been
10 futile. Accordingly, the Court will not recommend that the petition be denied for failure to
11 exhaust administrative remedies.

12 **B.     Merits of the Claim**

13 Respondent next argues that the BOP, through the IFRP, is independently authorized,
14 separate from the sentencing court's judgment and commitment orders, to collect restitution
15 payments from Petitioner. Respondent contends that the IFRP is a voluntary program that
16 helps inmates take responsibility for financial obligations, including restitution, and that
17 Petitioner is participating in the program voluntarily.

18 The Mandatory Victims Restitution Act of 1996 ("MVRA") requires the court in an
19 order of restitution to award each victim the full amount of their loss, regardless of the
20 defendant's economic circumstances. 18 U.S.C. § 3664(f)(1)(A). Additionally, "[u]pon
21 determination of the amount of restitution owed to each victim, the court shall, pursuant to
22 section 3572, specify in the restitution order the manner in which, and the schedule according
23 to which, the restitution is to be paid...." 18 U.S.C. § 3664(f)(2). The MVRA charges the
24 district court with setting the terms of the restitution payments and that duty cannot be
25 delegated. U.S. v. Gunning, 401 F.3d 1145, 1149-50 (9th Cir. 2005) ("Gunning II") (citing
26 U.S. v. Gunning, 339 F.3d 948, 949 (9th Cir. 2003) ("Gunning I")). However, although the
27 MVRA prohibits the delegation of scheduling responsibility to the BOP, nothing in the
28

1  statute or case law limits the BOP's operation of an independent program like the IFRP. <u>U.S.</u>
2  <u>v. Lemoine</u>, 546 F.3d 1042, 1048 (9th Cir. 2008).

3  The restitution order at issue in the <u>Gunning</u> cases required the restitution to be paid
4  immediately, with any unpaid amount to be paid through the IFRP. <u>Gunning II</u>, 401 F.3d at
5  1147. The sentencing court set no schedule of payments during the period of the defendant's
6  incarceration but required him to participate in the IFRP and pay his restitution through that
7  program. <u>Id.</u> The Ninth Circuit found this to be an unlawful delegation by the sentencing
8  court of its duty to set a restitution schedule. <u>Id.</u> at 1150. In <u>Lemoine</u>, on the other hand, the
9  sentencing court set a restitution schedule during the defendant's period of incarceration in
10 compliance with the MVRA, but the BOP, through incentives, encouraged the defendant to
11 participate in the IFRP and pay more than what the court ordered. <u>Lemoine</u>, 546 F.3d at
12 1048-49. The Ninth Circuit found no improper delegation under these circumstances. <u>Id.</u>
13 at 1050.

14 On May 8, 2012, the Ninth Circuit decided <u>Ward v. Chavez</u>, <u>supra</u>. In <u>Ward</u>, the
15 restitution portion of the sentencing court's judgment stated only that it was due and payable
16 "immediately." <u>Ward</u> at *1. The Ninth Circuit held that "because the sentencing court in
17 Ward's case did not set forth a proper payment schedule in the restitution order, that order
18 is unlawful, and the BOP therefore lacks the authority to collect restitution payments from
19 Ward through the IFRP." <u>Id.</u> at *8. The Court explained that such an order would not be
20 unlawful if the sentencing court considers the defendant's financial resources and determines
21 that periodic payments are unwarranted. <u>Id.</u> at 7. "If, however, the district court simply
22 orders immediate repayment and leaves it to another agency, like the BOP, to actually set the
23 payment schedule that the statute obligates the court to determine, that order is unlawful, as
24 the district court has abdicated in its duty to set the schedule 'in consideration of' the
25 financial circumstances of the defendant." <u>Id.</u> (quoting 18 U.S.C. § 3664).

26 Here, two restitution orders from different district courts are at issue. The first order,
27 part of the criminal case judgment from the District of Utah, is similar to the one at issue in
28 the <u>Gunning</u> cases. The order provides that restitution payments are to begin immediately.

- 5 -

1  Doc. 9, Exhibit 2 at 9. It further states in pertinent part that "[p]ayment of criminal monetary
2  penalties shall be made in accordance with a schedule established by the Bureau of Prisons'
3  Inmate Financial Responsibility Program." Id. Unlike the sentencing court in Lemoine, the
4  sentencing court here did not set a restitution schedule during incarceration and instead
5  delegated that responsibility to the BOP by requiring Petitioner to participate in the IFRP and
6  pay restitution pursuant to that program. Moreover, in light of the language in the restitution
7  order requiring Petitioner to pay restitution through the IFRP, Petitioner's participation in the
8  program cannot be considered voluntary. Respondent's argument to the contrary is
9  unconvincing. The Court therefore finds that the District of Utah restitution order improperly
10 delegates the restitution schedule to the BOP in violation of the MVRA. Consequently, the
11 BOP lacks the authority under that order to collect restitution payments from Petitioner
12 through the IFRP.

13      The second restitution order, part of the criminal case judgment from the Southern
14 District of Illinois, provides that "[t]he defendant shall pay any financial penalty that is
15 imposed by this judgment and that remains unpaid at the commencement of the term of
16 supervised release." Doc. 9, Exh. 3 at 8. The order then provides a restitution payment
17 schedule to begin upon release from prison. Id. Directly below that provision, however, the
18 order states:

19     Unless the court has expressly ordered otherwise, if this judgment imposes
       imprisonment, payment of criminal monetary penalties is due during
20     imprisonment. All criminal monetary penalties, except those payments made
       through the Federal Bureau of Prisons' Inmate Financial Responsibility
21     Program, are made to the clerk of the court.

22 Id. Thus, like the unlawful orders in the Ward and Gunning cases, this order fails to set a
23 restitution schedule during the period of imprisonment even though the order requires
24 payment of restitution during that period. Although the order does not expressly require
25 participation in the IFRP, it certainly suggests that restitution during the period of
26 imprisonment will be paid through that program. The Court finds no distinguishable
27 difference in this restitution order that would warrant a different result than in the Ward and
28 Gunning cases. The Court therefore finds that the Southern District of Illinois restitution

1  order is in violation of the MVRA in that it does not set forth a proper payment schedule.
2  Consequently, the BOP lacks the authority under that order to collect restitution payments
3  from Petitioner through the IFRP.

4  **C.     Conclusion**

5  Petitioner's failure to exhaust his administrative remedies under these facts does not
6  require dismissal of the petition because a timely final appeal would have been futile. Upon
7  consideration of the merits, the Court finds that the BOP is without the authority to require
8  restitution payments from Petitioner through the IFRP because the two sentencing courts
9  failed to set a restitution schedule as required by the MVRA. The court will therefore
10 recommend that the petition be granted.

11 **IT IS THEREFORE RECOMMENDED:**

12 That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be
13 **GRANTED**; and

14 That the BOP be ordered to stop collecting restitution payments from Petitioner
15 through the IFRP.

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26
27 ///
28 ///

1  This recommendation is not an order that is immediately appealable to the Ninth
2 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
3 Appellate Procedure, should not be filed until entry of the district court's judgment. The
4 parties shall have 14 days from the date of service of a copy of this recommendation within
5 which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R.
6 Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response
7 to the objections. Failure to timely file objections to the Magistrate Judge's Report and
8 Recommendation may result in the acceptance of the Report and Recommendation by the
9 district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121
10 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
11 Magistrate Judge will be considered a waiver of a party's right to appellate review of the
12 findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
13 recommendation. See Fed. R. Civ. P. 72.

14  DATED this 18th day of May, 2012.

_____
Steven P. Logan
United States Magistrate Judge