**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Patrick Smiley, | No. CV 11-1153-PHX-GMS (SPL) |
| Petitioner, | **ORDER** |
| v. | |
| Dennis Smith, | |
| Respondent. | |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Steven Smiley. (Doc. 1.) Magistrate Judge Logan has issued a Report and Recommendation ("R&R") in which he recommends that the Court grant the petition. (Doc. 12.) The government objects to the R&R. (Doc. 16.) Because objections have been filed, the Court will review the petition de novo. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Smiley also filed a Motion to Clarify Anticipated Judgment, in which he asks the Court to ensure that any relief granted be made clear. For the following reasons, the Court accepts the R&R and grants the petition.

## INTRODUCTION

Smiley alleges that procedures used by the Bureau of Prisons ("BOP") to collect his restitution payments violates the Mandatory Victims Restitution Act ("MVRA") 18 U.S.C. §§ 3663, et. seq. The facts of the proceedings are aptly explained in the R & R and are only briefly summarized here. On November 12, 2009, Smiley was convicted and

sentenced in the U.S. District Court for the District of Utah for conspiracy to commit bank fraud. Part of the sentence required Smiley to pay $126,736.87 in restitution to the victims of his crime. A little less than a year later, in September 2010, Smiley was convicted and sentenced in the U.S. District Court for the Southern District of Illinois for mail fraud. As with the Utah sentence, the Illinois sentence required Smiley to pay restitution, this time in the amount of $24,159.82.

The Utah restitution order stated that "[r]estitution payments are to begin immediately. Payment of criminal monetary penalties shall be made in accordance with a schedule established by the Bureau of Prisons Inmate Financial Responsibility Program while incarcerated." (Doc. 9, Ex. 2 at 10.) After determining that penalty payments would commence 30 days after release from imprisonment, the Illinois restitution order includes a statement that "[u]nless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court." (Doc. 9, Ex. 3 at 9.) Smiley did not appeal either sentence and is currently incarcerated at the Federal Correctional Institution in Phoenix, AZ. While Smiley has been incarcerated, he apparently enrolled in the Inmate Financial Responsibility Program ("IFRP"), which enables prisoners to earn money by working in prison. The BOP allegedly began deducting restitution payments from Smiley's account.

On June 8, 2011, Smiley filed a Petition for Writ of Habeas Corpus in this Court under 28 U.S.C. § 2441 (2006). He alleges that the BOP lacks authority to collect restitution payments through the IFRP in the absence of a payment schedule set by the sentencing district courts. He contends that this arrangement constitutes improper delegation under the MVRA of the district court's duty to set the terms of restitution payments. Magistrate Judge Logan agreed. The government timely filed objections on the following grounds: (1) Smiley waived his claim by not appealing his sentence, and (2) this Court lacks authority to order the Utah and Illinois courts to nullify the restitution

orders or modify the sentences.

## DISCUSSION

**I. LEGAL STANDARD**

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3) (2006). Habeas corpus jurisdiction is available under § 2241 for a prisoner's claims that a restitution order improperly delegates to the BOP the authority to set a restitution payment schedule. *See Ward v. Chavez*, 678 F.3d 1042, 1044 (9th Cir. 2012); *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008) (reaching the merits of petitioner's claim and holding that voluntary participation in IFRP did not warrant any relief under § 2241); *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005) (reaching the merits of petitioner's § 2241 challenge to IFRP).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1) (2006). "Within ten days after being served with a copy [of a report and recommendation], any party may serve and file written objections. . . . [T]he court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149–50 (1985).

**II. ANALYSIS**

The scope of the Court's review of the R&R is confined to those areas to which the government has properly objected. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.") Notably, the government did not object to the R&R's decision on the merits—namely, that the BOP's collection of restitution payments from Smiley's prison trust account violates the MVRA. The Ninth Circuit recently held that language similar to that used by the Utah and Illinois District Courts constitutes an improper delegation. *See Ward*, 678 F.3d at 1051 (finding improper delegation where restitution order simply

required immediate repayment and the BOP began deducting payments from prisoner through IFRP); *Gunning*, 401 F.3d at 1150 (stating that, where the district court ordered that restitution be due immediately and paid through the IFRP, "the district court simply does not have the authority to delegate its own scheduling duties—not to the probation office, not to the BOP, not to anyone else"). *Compare Lemoine*, 546 F.3d at 1047-50 (finding no improper delegation where district court had set a minimum restitution payment amount and the BOP deducted more through the IFRP). Instead, the government makes two objections, one procedural and the other remedial.

### A.    Waiver

The government argues that Smiley waived his MVRA claim by failing to appeal his sentence in both cases. In addition, the government asserts that Smiley waived any right to challenge his sentence in the Southern District of Illinois pursuant to his plea agreement. However, it is the government that risks waiver by failing to raise the waiver argument before Magistrate Judge Logan. At that point, the government chose to attack the petition on exhaustion grounds.[1] Generally, a district court need not consider new arguments raised for the first time in objections to an R&R. See *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."). Nevertheless, the Ninth Circuit has found an abuse of discretion where a district court failed to address a new argument advanced by a pro se litigant regarding a novel claim. *See Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002) (finding that the district court abused its discretion by failing to address pro se petitioner's argument raised for the first time in objections to magistrate judge's report when petitioner was "functionally illiterate" and "was making a relatively novel claim under a relatively new statute"). The government, however, is not a disadvantaged litigant and waiver is hardly a novel claim. Consequently, the Court declines to exercise its discretion to consider arguments that

---

[1] The government failed to object to the portion of the R&R that finds Smiley was excused from exhausting his administrative remedies.

could have been included in the government's answer to the Petition. *See Howell*, 231 F.3d at 622 ("The magistrate judge system was designed to alleviate the workload of district courts. To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court."); *See Greenhow v. Sec. of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc) (per curiam).

### B. Question of Remedy

In the R&R, Magistrate Judge Logan recommended that this Court grant Smiley's petition and order the BOP to stop collecting restitution payments from Smiley through the IFRP. The government objects and claims that such an order amounts to nullification of the restitution orders issued by the Utah and Illinois District Courts. It emphasizes the oddity in having a district court in the Ninth Circuit apply Ninth Circuit law to sentences handed down by district courts in the Tenth and Seventh Circuits, which may espouse a different position regarding delegation of power to set restitution schedules. Indeed, the Seventh Circuit has expressly sanctioned the type of sentence issued by the Southern District of Illinois in this case. *See United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir. 2008) (concluding that court ordered payment schedules "need not, and as a rule should not, begin until after the defendant's release from prison," rather "[p]ayments until release should be handled through the Inmate Financial Responsibility Program rather than the court's auspices"). The government contends that the proper forum for challenging the restitution orders was in the districts where they were handed down.

The government is essentially arguing that Smiley is challenging the legality of the sentence itself, an issue properly cognizable on a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (2006), rather than § 2241. *See Doganiere v. United*

*States*, 914 F.2d 165, 169-70 (9th Cir. 1990) (stating that a § 2255 motion can test only the legality of the sentence imposed, not the manner of execution); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) (holding that petitioners may challenge the execution of their sentences by bringing a 28 U.S.C. § 2241 petition).

> The distinction between a motion to vacate, set aside or correct a sentence under Section 2255 and a habeas corpus petition under Section 2241 affects not only the type of relief generally available, but also whether a particular district court has jurisdiction to hear the request. Section 2255 motions must be heard in the district court in which the federal prisoner was convicted and sentenced, whereas habeas corpus petitions under Section 2241 may be heard in the district court in which the federal prisoner is confined.

*Crayton v. Norwood*, 622 F. Supp. 2d 975, 978 (C.D. Cal. 2009) (citing *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000)).

The Court recognizes the strength of the government's argument. Smiley argues that there was improper delegation by the sentencing court to the BOP, not that the BOP is improperly executing an otherwise valid sentence. Indeed, as the government notes, the BOP appears to be complying fully with the sentences handed down. Smiley responds that there was no delegation until the BOP actually began collecting payments under the IFRP. Yet delegation flows from top to bottom—it occurred in the courts' pronouncement of sentence, in which they specified that restitution payments would be made during imprisonment according to the BOP's IFRP. Smiley's case looks more like a challenge to the validity of the sentence than the manner of its execution. And any challenge to the sentences themselves—that they constituted an improper delegation—should be brought in the courts that issued them. That way, the sentencing courts could apply the law of the Tenth and Seventh Circuits. Admittedly, there is intuitive appeal to this argument.

The Ninth Circuit has not taken that approach. The cases where the Ninth Circuit found improper delegation were all § 2241 cases. *See Ward*, 678 F.3d at 1051; *Gunning*, 401 F.3d at 1150; *Lemoine*, 546 F.3d at 1047-50; *Montano–Figueroa v. Crabtree*, 162

F.3d 548, 549 (9th Cir. 1998) (reaching the merits of petitioner's section 2241 challenge to IFRP as applied to payment of criminal fines). In fact, the Ninth Circuit has expressly foreclosed § 2255 relief with respect to Smiley's claim. *See United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002) (prisoners may not challenge restitution orders under section 2255). *But see Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) (petitioner's claim characterized as a challenge to the validity of sentence and thus not cognizable under section 2241); *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1114 (5th Cir. 1990) (holding that district court properly dismissed petitioner's section 2241 claims regarding alleged error in monetary assessment imposed with sentence because such error is properly challenged under 28 U.S.C. § 2255). In *Ward*, the petitioner initially challenged his restitution order under § 2255 in the sentencing court. 678 F.3d at 1044. The sentencing court concluded that its restitution order did in fact impermissibly delegate to the BOP the court's duty to set a repayment schedule. *Id.* Upon the government's motion for reconsideration, however, the sentencing court determined that neither § 2255 nor 18 U.S.C. § 3664(k) allowed a district court to rule on the legality of restitution order, and that it lacked jurisdiction to issue the previous order because the petitioner was incarcerated in Arizona. *Id.* The petitioner then brought a § 2241 habeas proceeding in the District of Arizona that made the same claim. *Id.* The Ninth Circuit then held that the BOP lacked authority to collect restitution payments in the absence of a schedule. *Id.* at 1051. The government seeks to distinguish these cases on the grounds that the sentencing and habeas court were both located in the Ninth Circuit and therefore both subject to Ninth Circuit law. Here, on the other hand, the habeas court and sentencing courts are all located in different circuits which have different law regarding delegation. While true, this point does not alter the Ninth Circuit rule that challenges to restitution orders come under § 2241 and therefore must be brought in the court covering the territory where the prisoner is confined.

This Court possesses authority to issue orders to the BOP entities that fall within its jurisdiction. Contrary to the government's position, an order to the BOP to cease

collecting restitution payments is not the same as issuing an order to the district courts in Utah and the Southern District of Illinois to modify their sentences. It is the law of the Ninth Circuit that the BOP violates federal law when it collects restitution payments through the IFRP in the absence of a payment schedule set by the sentencing district court. Magistrate Judge Logan determined that was the case here. The government has not objected to the finding in the R&R that "the BOP was without authority to require restitution payments from Petitioner through the IFRP because the two sentencing courts failed to set a restitution schedule as required by the MVRA." (Doc. 12 at 7.) Therefore, this Court will order that the BOP cease collecting restitution payments from Smiley until an appropriate restitution order has been issued by the sentencing courts.

## CONCLUSION

As Magistrate Judge Logan stated in the R&R, the BOP is violating federal law by collecting restitution payments from Smiley in the absence of a restitution schedule set by the sentencing courts. The government's arguments regarding waiver and remedy are unavailing. Accordingly, the Court grants the petition and accepts the R&R.

**IT IS THEREFORE ORDERED:**

1. Petitioner's Petition for the Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

2. The Report and Recommendation (Doc. 12) is **ACCEPTED**.

3. The BOP is ordered to cease collecting restitution payments from Petitioner Smiley until a proper restitution schedule has been set by the sentencing courts.

4. Petitioner's Motion to Clarify Anticipated Judgment (Doc. 13) is **DENIED.**

Dated this 15th day of October, 2012.

_A. Murray Snow_
G. Murray Snow
United States District Judge