**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Patrick Smiley, | No. CV 11-1153-PHX-GMS (SPL) |
| Petitioner, | **ORDER** |
| v. | |
| Dennis Smith, | |
| Respondent. | |

Pending before the Court is Petitioner Steven Smiley's Motion to Amend/Alter Judgment under Rule 59 or Rule 60. (Doc. 20.) For the reasons articulated below, the Court grants the motion and orders the government to exempt Smiley from restitutionary obligations under the IFRP until the sentencing courts issue proper restitution schedules.

**BACKGROUND**

On November 12, 2009, Smiley was convicted and sentenced in the U.S. District Court for the District of Utah for conspiracy to commit bank fraud. A little less than a year later, in September 2010, Smiley was convicted and sentenced in the U.S. District Court for the Southern District of Illinois for mail fraud. Both sentences required Smiley to begin payment of restitution.[1]

---

[1] The Utah restitution order stated that "[r]estitution payments are to begin immediately. Payment of criminal monetary penalties shall be made in accordance with a schedule established by the Bureau of Prisons Inmate Financial Responsibility Program while incarcerated." (Doc. 9, Ex. 2 at 10.) After determining that penalty payments would commence 30 days after release from imprisonment, the Illinois restitution order includes a statement that "[u]nless the court has expressly ordered otherwise, if this judgment

Smiley did not appeal either sentence and is currently incarcerated at the Federal Correctional Institution in Phoenix, Arizona. While incarcerated, he has enrolled in the voluntary Inmate Financial Responsibility Program ("IFRP"), which "encourages each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. Participation in the IFRP results in access to certain benefits,[2] such as employment in UNICOR, the federal prison corporation that sells goods to the government. *See* 28 C.F.R. § 545.11. A condition of enrollment in the IFRP is payment of a certain percentage of wages toward restitution ordered by the sentencing court. *See id.* Smiley enrolled in the IFRP on March 21, 2011, and the Bureau of Prisons ("BOP") began deducting 50% of Smiley's wages to go toward the restitution ordered by the sentencing courts. (Doc. 20, Ex. B.)

On June 8, 2011, Smiley filed a Petition for Writ of Habeas Corpus in this Court under 28 U.S.C. § 2441. He alleged that the BOP lacked authority to collect restitution payments through the IFRP in the absence of a payment schedule set by the sentencing district courts. On October 15, 2012, this Court held that the withdrawal of restitution moneys from Smiley's prison account violated the Mandatory Victims' Restitution Act ("MVRA"), 18 U.S.C. § 3663 et seq. It ordered the BOP "to cease collecting restitution payments from Smiley until a proper restitution schedule has been set by the sentencing courts." (Doc. 18 at 8.)

Subsequent to that decision, prison officials met with Smiley about his continued participation in the IFRP. They informed him that he had to enroll in the IFRP to continue his work at UNICOR, which meant that, like before, Smiley would have to devote 50% of his pay to restitution. (Doc. 20 ¶¶ 2-4.) Other jobs were available, and

---

imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court." (Doc. 9, Ex. 3 at 9.)

[2] Or failure to enroll in the IFRP results in certain penalties. For purposes of this order, the perspective does not matter.

- 2 -

restitution would not be deducted from other funds. On October 23, 2012, Smiley again enrolled in the IFRP and agreed to devote 50% of his wages to restitution. (*Id.*, Ex. C.) The BOP promptly began deducting 50% of Smiley's wages. (*Id.*, Ex. A.) Smiley filed this Motion on November 15, 2012, and requests this Court to alter its judgment to declare that the BOP must exempt Smiley from participation in the IFRP because the sentencing courts have not imposed lawful restitutionary orders. He alternatively asks the Court to hold the BOP in contempt for failure to comply with its previous Order.

## DISCUSSION

### I. LEGAL STANDARD

The Parties' briefing has clarified that Smiley seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure. That rule allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons including mistake, newly discovered evidence, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Typically, it is the losing party that invokes Rule 60. Smiley, on the other hand, succeeded on his petition. Smiley also describes his Motion as one for sanctions against the government for failure to comply with this Court's October 15, 2012 Order. Regardless of whether either rule is the appropriate one to invoke, the Court retains jurisdiction over the case to determine whether the government is complying with its Order and to issue whatever clarification is necessary.

### II. ANALYSIS

The government's principal justification for continuing to collect restitution payments from Smiley is that he voluntarily agreed to participate in the IFRP—which requires a 50% restitution payment—to keep his UNICOR job. In its view, the delegation problems posed by the prior arrangement have vanished because the restitution deduction is based on Smiley's agreement.

The government relies on the Ninth Circuit's description of the interplay between the MVRA and the IFRP in *United States v. Lemoine*, 546 F.3d 1042 (9th Cir. 2008).

There, the BOP conditioned the petitioner's participation in the IFRP on paying restitution at a dollar figure and frequency that exceeded the schedule set by the district court. *Id.* at 1044 ($132 a month instead of $25 a quarter). The Ninth Circuit held that, "*where the district court has properly set a restitution repayment schedule* as required under the MVRA, the BOP has the authority to encourage voluntary payments in excess of those required under the court's judgment by conditioning the receipt of certain privileges during the term of imprisonment on the inmate's participation in the IFRP." *Id.* at 1050 (emphasis added). A prisoner has no specific entitlement to the benefits provided by the IFRP, and so his election to participate in a program that required greater contributions poses no delegation problems. Still, the *Lemoine* court expressly conditioned its holding on the existence of a lawful restitution order.

Nevertheless, Judge Bolton relied on the *Lemoine* rationale in a case identical to the case before the Court. In *Sours v. Chavez*, 2:08-cv-01903 (March 24, 2011), *aff'd* 466 Fed. App'x 637 (Jan. 19, 2012), Judge Bolton had found an improper delegation of authority by the district court to the BOP to set restitution payments through the IFRP, and she ordered the BOP to stop collecting payments. The petitioner then filed a motion for contempt, asserting that the BOP was violating the court's order by continuing to collect restitution payments through the IFRP in the absence of a restitution schedule from the sentencing court. There, as in Smiley's situation, the petitioner voluntarily agreed to participate in the IFRP and abide by its restitution requirements after the court entered its order finding improper delegation. The voluntariness of that subsequent agreement was decisive on whether the government was violating the court's order. Judge Bolton explained that

> [w]hen Petitioner was given the choice between retaining his UNICOR job and voluntarily agreeing to pay on his financial obligations or losing his UNICOR job, Petitioner choose to continue in his UNICOR job and agreed to the Inmate Financial Plan. Respondent is not in contempt of the Court's Order. The current deduction of 50% of his wages paid towards Petitioner's restitution obligation is a voluntary payment made by Petitioner pursuant to the written financial plan executed by him.

*Id.* at 2. The Ninth Circuit affirmed that reasoning in an unpublished opinion. *See Sours*, 466 Fed. App'x at 637 ("The record shows that the BOP began collecting restitution payments again after Sours voluntarily entered into a contract and agreed to participate in the IFRP. Accordingly, the district court did not abuse its discretion by denying the motion for contempt."). The government relies heavily on the distinction made by Judge Bolton in *Sours*.

The government's position is foreclosed by the Ninth Circuit's subsequent published decision in *Ward v. Chavez*. The court noted that the outcome in *Lemoine* was conditioned on the existence of a proper restitution order from the sentencing court. *Ward v. Chavez*, 678 F.3d 1042, 1048 (9th Cir. 2012) ("In upholding this order, we relied on the 'proper' setting of a restitution payment schedule by the district court."). Thus the court cabined *Lemoine*'s allowance of separate IFRP schedules to situations where there was a proper schedule in place. There was not a proper restitution order in *Ward*, and the government has not provided any evidence that the sentencing courts here have produced such a schedule for Smiley. And, like Smiley, the petitioner in *Ward* was "voluntarily employed by Unicor." *Id.* at 1044. But despite the voluntary nature of the petitioner's participation in the IFRP, and despite Judge Wallace's dissent that the voluntary arrangement removed delegation problems, see *id.* at 1056-57 (Wallace, J., dissenting), the majority held that "because the sentencing court in [petitioner's] case did not set forth a proper payment schedule in the restitution order, that order is unlawful, and the BOP therefore lacks the authority to collect restitution payments from [petitioner] through the IFRP." *Id.* at 1051-52.[3]

The natural application of *Ward* to Smiley's situation requires the BOP to exempt Smiley from the provisions of the IFRP until a proper restitution order is in place. The factual similarly between *Ward* and this case provides little room for distinction.

---

[3] Neither this decision, nor *Ward,* determines whether Smiley is entitled to participate in the IFRP absent the existence of a proper restitution order.

Furthermore, *Ward* likely alters the outcome in *Sours*, the government's chief point of reliance. The IFRP, after all, assumes the existence of a "legitimate financial obligation." *See* 28 C.F.R. § 545.10. When a district court improperly delegates its responsibility to set a restitution schedule to the BOP or any other entity, the restitution order is rendered "unlawful." *Ward*, 678 F.3d at 1051. Therefore, the government cannot require Smiley to pay anything under the IFRP—even in a voluntary agreement—absent a proper restitution order from the sentencing courts. Smiley is therefore exempt from the requirements of the IFRP. While the government's strongly protests the admittedly odd outcome produced by application of such a rule to this case, that outcome is dictated by *Ward*.

**CONCLUSION**

The government may not collect restitution payments from Smiley's trust fund account unless and until the sentencing courts bring their sentences into conformity with the MVRA. The government's error here, however, does not warrant sanctions. The Court will confine itself to clarification of its prior order.

**IT IS THEREFORE ORDERED:**

1. Petitioner's Motion (Doc. 20) is **GRANTED.**
2. The BOP is ordered to exempt Petitioner Smiley from the IFRP until a proper restitution schedule has been set by the sentencing courts.

Dated this 4th day of January, 2013.

/s/ A. Murray Snow
/G. Murray Snow
United States District Judge